Priority
Send
Enter ———
Closed ———
JS-5/JS-6 ———
JS-2/JS-3 ———
Scan Only ———

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MINUTE ORDER

Case No.: CV-00-08635-CAS (Ex)                December 11, 2000

Title:   SHOOSHAN GEORGE v. OK!, NORTHERN & SHELL PLC, et al.

---

PRESIDING:    HONORABLE CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE

Maynor Galvez,                                     Laura Elias
Deputy Clerk                                       Court Reporter

PLAINTIFF COUNSEL PRESENT:          DEFENDANT COUNSEL PRESENT:


PROCEEDINGS:   DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
               (filed Nov. 17, 2000)

               DEFENDANT'S REQUEST FOR JUDICIAL NOTICE (filed
               Nov. 17, 2000)

I. Background

This case concerns the acquisition and publication of a photograph of plaintiff, Shooshan George, in the magazine OK!, published by defendant Northern & Shell, PLC, a United Kingdom corporation. Plaintiff filed suit in Los Angeles Superior Court on August 2, 2000, and defendant filed a notice of removal to federal court on August 14, 2000. Plaintiff's first amended complaint ("FAC"), filed August 30, 2000, sets forth the following claims for relief: (1) publication of private facts and conspiracy to commit the same; (2) intrusion and conspiracy to commit the same; (3) violation of the right of privacy and conspiracy to commit the same; (4) appropriation of name and likeness and conspiracy to commit the same; and (5) copyright infringement. On November 17, 2000, defendant filed the instant motion for judgment on the pleadings, pursuant to Fed. R. Civ. P.

S:\Orders\CIVIL\2000\00-08635.1.wpd



ENTERED ON ICMS

DEC 15 2000

CV

33

12(c). Defendant's motion requests entry of a judgment declaring that plaintiff's four tort claims are barred by the statute of limitations, and that plaintiff's prayer for attorney's fees under her copyright claim is barred by plaintiff's failure to timely register her copyright.

II. <u>Standard for a Rule 12(c) Motion</u>

A motion for judgment on the pleadings brought pursuant to Fed. R. Civ. P. 12(c) provides a means of disposing of cases when all material allegations of fact are admitted in the pleadings and only questions of law remain. See <u>McGann v. Ernst & Young</u>, 102 F.3d 390, 392 (9th Cir. 1996). In considering a Rule 12(c) motion, the district court must view the facts presented in the pleadings and the inferences to be drawn from them in the light most favorable to the nonmoving party. <u>NL Indus. v. Kaplan</u>, 792 F.2d 896, 898 (9th Cir. 1986); <u>In Re Century 21-Re/Max Real Estate Adver. Claims Litig.</u>, 882 F. Supp. 915, 921 (C.D. Cal. 1994). For purposes of the motion, the moving party concedes the accuracy of the factual allegations of the complaint, but does not admit other assertions that constitute conclusions of law or matters that would not be admissible in evidence at trial. 5A Charles Allen Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1368, at 523 (2d ed. 1990 & Supp. 2000).

III. <u>Discussion</u>

A. <u>The Four Tort Claims</u>

Defendant moves for judgment on the four tort claims on the ground that the one-year statute of limitations set forth at Cal. Code Civ. P. § 340(3) expired before plaintiff filed her original complaint in state court.[1] It is undisputed that defendant

---

[1] Cal. Code Civ. P. § 340(3) provides for a one-year statute of limitations for the following:

> An action for libel, slander, assault, battery, false imprisonment, seduction of a person below the age of legal consent, or for injury to or for the death of one caused by the wrongful act or neglect of another, or by a depositor against a bank for the payment of a forged

12(c). Defendant's motion requests entry of a judgment declaring that plaintiff's four tort claims are barred by the statute of limitations, and that plaintiff's prayer for attorney's fees under her copyright claim is barred by plaintiff's failure to timely register her copyright.

II. <u>Standard for a Rule 12(c) Motion</u>

A motion for judgment on the pleadings brought pursuant to Fed. R. Civ. P. 12(c) provides a means of disposing of cases when all material allegations of fact are admitted in the pleadings and only questions of law remain. See <u>McGann v. Ernst & Young</u>, 102 F.3d 390, 392 (9th Cir. 1996). In considering a Rule 12(c) motion, the district court must view the facts presented in the pleadings and the inferences to be drawn from them in the light most favorable to the nonmoving party. <u>NL Indus. v. Kaplan</u>, 792 F.2d 896, 898 (9th Cir. 1986); <u>In Re Century 21-Re/Max Real Estate Adver. Claims Litig.</u>, 882 F. Supp. 915, 921 (C.D. Cal. 1994). For purposes of the motion, the moving party concedes the accuracy of the factual allegations of the complaint, but does not admit other assertions that constitute conclusions of law or matters that would not be admissible in evidence at trial. 5A Charles Allen Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1368, at 523 (2d ed. 1990 & Supp. 2000).

III. <u>Discussion</u>

A. <u>The Four Tort Claims</u>

Defendant moves for judgment on the four tort claims on the ground that the one-year statute of limitations set forth at Cal. Code Civ. P. § 340(3) expired before plaintiff filed her original complaint in state court.[1] It is undisputed that defendant

---

[1] Cal. Code Civ. P. § 340(3) provides for a one-year statute of limitations for the following:

> An action for libel, slander, assault, battery, false imprisonment, seduction of a person below the age of legal consent, or for injury to or for the death of one caused by the wrongful act or neglect of another, or by a depositor against a bank for the payment of a forged

published the photograph in question in the August 14, 1998 issue of OK! magazine, and that plaintiff filed the original complaint on August 2, 2000. Defendant contends that the statute of limitations began to run on August 14, 1998, the date of publication, and that the statute therefore expired one year later, on August 14, 1999. Noting that plaintiff states in her complaint that she did not become aware of the publication of the photograph in OK! until August 1999, defendant acknowledges that in some circumstances a statute of limitations may not begin to run until the injured party becomes aware of his or her injury. Defendant argues that this rule applies only where the defendant in some manner prevented the plaintiff from having such knowledge. According to defendant, "[u]nder California law only the affirmative misconduct of a defendant (concealing the existence of the cause of action or hiding his identity) will be sufficient to toll the imposition of the statute of limitations." Def.'s Mot. for J. on the Pleadings at 5. Because there is no evidence that defendant engaged in such misconduct, defendant argues, plaintiff's alleged ignorance of the existence of the four tort cause of action in the period between publication and plaintiff's first awareness thereof did not toll the statute of limitations.

Defendant's argument is without merit. One circumstance in which a statute of limitations is tolled is that in which "the defendant's fraud in concealing a cause of action" caused plaintiff's ignorance of the cause of action. <u>Bernson v. Browning-Ferris Industries</u>, 7 Cal. 4th 926, 931 (1994). But this is not the only circumstance in which plaintiff's ignorance tolls

---

>   or raised check, or a check that bears a forged or unauthorized endorsement, or against any person who boards or feeds an animal or fowl or who engages in the practice of veterinary medicine as defined in Section 4826 of the Business and Professions Code, for such person's neglect resulting in injury or death to an animal or fowl in the course of boarding or feeding such animal or fowl or in the course of the practice of veterinary medicine on such animal or fowl.

Plaintiff does not dispute that this provision applies to her four tort claims.

the statute of limitations. Notwithstanding some lower-court cases suggesting that plaintiff's ignorance generally does not toll the statute of limitations absent wrongdoing by defendant, see, e.g., Garabedian v. Skochko, 232 Cal. App. 3d 836, 840 (1991), it is well settled that under California's delayed discovery rule, a statute of limitations does not begin to run until a reasonable person in plaintiff's position would be on inquiry notice of potential wrongdoing. Ward v. Westinghouse Canada, Inc., 32 F.3d 1405, 1407 (9th Cir. 1994); Jolly v. Eli Lilly & Co., 44 Cal. 3d 1103, 1109 (1988). Therefore, defendant's allegation that it did nothing to hinder plaintiff's discovery of the publication of the photograph in OK! would, even if accepted as true, be insufficient to establish as a matter of law that the statute of limitations began to run before plaintiff was aware of such publication. If the pleadings, read as the standard for a Rule 12(c) motion requires, indicate that a reasonable person would not have known of, or been on inquiry notice of, the relevant facts, then defendant's motion must be denied.

As stated above, on a motion for judgment on the pleadings, the Court must assume the facts as alleged by the nonmoving party in the pleadings are true, and must consider such facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party. Here, the nonmoving party alleges in the FAC as follows:

> Any statute of limitations for any of the included causes of action has been tolled because plaintiff was ignorant of the fact that OK had published photographs of her in August of 1998. Plaintiff only recently learned that [third-party defendant Boris] Nizon had sold photographs to OK in August of 1999. The fact that OK had obtained the photographs was first discovered by the undersigned during depositions of Globe magazine employees in Florida in August 1999. Globe also published the same photographs of George in 1998 from Nizon. Nizon denied in his deposition taken, in a previous matter, on May 17, 1999, that he offered the photographs to anyone other than Globe and Women's Day magazines. Plaintiff was not otherwise reasonably placed on notice until August of 1999.

FAC ¶ 5. Leaving aside the conclusions of law contained in this paragraph, the Court notes that these allegations suffice for purposes of this motion to indicate that plaintiff was ignorant of the publication of the photograph in OK! and knew of no facts that would reasonably lead her to inquire whether the photograph had been published in OK!, until the Nizon deposition in August 1999.[2]

Defendant contends that even if fraudulent concealment need not be shown, plaintiff nevertheless was on inquiry notice as to the future publication in OK! in June 1998, when the same photograph was allegedly published in Globe magazine. The Court notes that the fact that the photograph was published in Globe in 1998 is stated in the portion of the complaint quoted above. Furthermore, plaintiff's complaint in a related case, George v. Globe Communications, No. CV 99-03199 SVW (AIJx), filed in this district on March 26, 1999, indicates that plaintiff knew of the publication in Globe on or before June 19, 1998.[3] Nevertheless, defendant's inquiry notice argument fails. Plaintiff's knowledge of publication in Globe would not constitute inquiry notice as to OK! Plaintiff's knowledge that the photograph was published in another magazine doubtless made plaintiff aware that the photograph had been obtained without plaintiff's permission, but such knowledge would not suffice to place a reasonable person on inquiry notice as to the possibility of the photograph's being later published in OK! or any other particular publication. A reasonable person would not, upon learning that the photograph had been published somewhere, begin monitoring every publication that publishes photographs.

---

[2] This conclusion is based, of course, on the applicable standard for a motion for judgment on the pleadings, and is without prejudice to the question being raised again at a later stage, such as a motion for summary judgment.

[3] Defendant requests that the Court take judicial notice of plaintiff's complaint in George v. Globe Communications. The request is granted. See Fed. R. Evid. 201. That plaintiff knew of the publication in Globe on or before June 19, 1999 is evident from the description in the complaint of plaintiff's attorney's letter to Globe dated June 19, 1999. See Complaint, No. CV 00-03199 SVW (AIJx) ¶ 24 & Exh. 5.

Accordingly, the Court concludes that plaintiff has sufficiently pled that the one-year statute of limitations did not begin to run until the time of the Nizon deposition in August 1999, and that therefore the Court will not grant judgment on the pleadings that the action was time-barred when plaintiff filed it on August 2, 2000.[4] As to plaintiff's four tort claims, defendant's motion for judgment on the pleadings is denied.

B. <u>Attorney's Fees Under the Copyright Claim</u>

The FAC prays for attorney's fees. FAC ¶ 54. Defendant's motion contends that this request should be dismissed insofar as it may be based on the attorney's fee provision of the Copyright Act. Section 412 of the Copyright Act, headed "Registration as a prerequisite to certain remedies for infringement," provides as follows:

> In any action under this title, other than an action brought for a violation of the rights of the author under section 106A(a) or an action instituted under section 411(b), no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for--
> (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or
> (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C. § 412.

The FAC alleges that plaintiff filed her application for copyright registration of the photograph in question on March 18, 1999. This was seven months after the allegedly infringing publication.

---

[4] Defendant does not contend that the Nizon deposition took place on the *first* of August 1999, the only day in August 1999 that was more than one year before plaintiff filed her complaint.

As defendant argues, the photograph in question either had been previously published at the time of the alleged infringement, or had not been. If it had not been previously published, then § 412(1) provides that attorney's fees are not recoverable because there was no copyright registration before commencement of the alleged infringement. If the photograph had been previously published, then § 412(2) provides that attorney's fees are not recoverable because there was no copyright registration within three months of commencement of the alleged infringement. Thus, § 412 precludes any recovery of attorney's fees based on plaintiff's copyright infringement claim.

Plaintiff argues that an equivalent of the delayed discovery rule ought to be applied to her claim for attorney's fees under the Copyright Act. Because she did not know of the infringement before or within three months of its commencement, she should not be required to have registered her copyright within the time limits set forth in the statute as a prerequisite to an award of attorney's fees. Although conceding that there is no precedent to support her position, plaintiff argues that this is a "matter of first impression" and that the Court should create an exception to the statute. The Court will not do so. The meaning of § 412 is plain.

The only relevant facts regarding plaintiff's potential entitlement to recover attorney's fees under the Copyright Act are the date the alleged infringement commenced, and the date on which plaintiff applied for copyright registration. Because there is no dispute as to these facts, it is clear that defendant is entitled to judgment as a matter of law as to attorney's fees under the Copyright Act.

### Conclusion

Defendant's motion for judgment on the pleadings is DENIED as to plaintiff's four tort claims. Defendant's motion is GRANTED as to plaintiff's request for attorney's fees pursuant to the Copyright Act.

Defendant's request for judicial notice is GRANTED.

IT IS SO ORDERED.